IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRON WORKERS' MID-AMERICA PENSION PLAN, *et al.* ) ) )   Plaintiffs, ) )   vs. ) ) COLUMBUS INDUSTRIES, INC., ) an Illinois corporation, ) )   Defendant. ) | CIVIL ACTION NO. 08 C 0452 JUDGE SAMUEL DER-YEGHIAYAN MAGISTRATE JUDGE MARTIN ASHMAN |

## PLAINTIFFS' INITIAL STATUS REPORT

Plaintiffs, Iron Workers' Mid-America Pension Plan, *et al.* ("Funds"), submit the following initial status report pursuant to the Court's Order dated February 15, 2008[1]:

1.  The Funds' brought this lawsuit against Defendant, Columbus Industries, Inc. ("Columbus") pursuant to the Employee Retirement Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 ("ERISA"), for its failure to submit reports, contributions, and liquidated damages due for the period of October 2007 and November 2007, additional contributions and liquidated damages that have or will become due during the pendency of this litigation, and for its refusal to submit its payroll books and records for an audit by the Funds' auditors.

---

[1] Defendant's answer or responsive pleading was due on February 20, 2008. Despite the service of process on Defendant's registered agent, and providing to Defendant a copy of the Court's Order requiring this report and setting the initial status hearing, Defendant has not filed an answer or responsive pleading. There is no attorney appearance on file for Defendant. A motion for default is noticed for the same date and time as the initial status hearing.

2.     Columbus received service of process on January 31, 2008 through personal service on its registered agent.  To date, Columbus has not filed an answer or other responsive pleading to the Funds' lawsuit.

The Funds seek (1) entry of default against Columbus; (2) an order directing Columbus to submit all reports, contributions, and liquidated damages due to the Funds for the period of December 2007 through February 2008, subject to additional reports and contributions becoming due throughout this litigation; (3) an order directing Columbus to submit its payroll books and records to the Funds' auditors for the period of June 1, 2006 through the present; and, (4) a judgment order for all unpaid amounts determined as due, including attorneys' fees and costs that the Funds' incurred in enforcing Defendant's obligations in this litigation.

3.     Columbus is the only defendant in this litigation.  Service of process was effectuated January 31, 2008 through personal service on its registered agent.

4.     It is the Funds' position that the principal legal issues in this case are (1) whether Columbus owes reports, contributions, and liquidated damages to the Funds for the period of December 2007 through February 2008, subject to the possibility that additional reports and amounts may become due during the pendency of this litigation; (2) whether Columbus is obligated to submit its payroll books and records to the Funds' auditors; and, (3) whether the Funds are entitled to attorneys' fees and costs under ERISA, the related trust agreements and collective bargaining agreement.

5.     The Funds are not aware of any principal factual issues in dispute.

6.     The Funds have a pending motion for an order of default against Columbus.

7.     The parties have not exchanged any discovery requests or responses.

8. Since Columbus is in default, it is the Funds' position that the only necessary discovery that it would have conduct will be accomplished through the Court's order directing Columbus to turn over contribution reports and submit its payroll books and records to the Funds' auditors.

9. On February 15, 2008, the Funds provided a copy of the Court's order setting the initial status hearing and requiring the parties to participate in a Rule 26(f) conference, to the company's registered agent. The Funds requested a response from Columbus, but did not receive one. On March 11, 2008, the Funds provided another letter and copy of the Court's order to an attorney who Columbus directed the Funds to contact. Again, the Funds sought a response, but did not receive one. Indeed, Columbus has been in default since February 20, 2008. Accordingly, no Rule 26(f) conference has occurred.

10. The Funds cannot estimate when the case will be ready for trial because at this time Columbus is in default and it appears that a trial will not be necessary.

11. The Funds cannot estimate the length of a trial because at this time Columbus is in default and it appears that a trial will not be necessary.

12. The parties have not requested a jury trial.

13. No settlement discussions have occurred between the parties.

14. At this time, the Funds do not consent to proceed before Magistrate Ashman.

        Respectfully submitted,


        /s/   Beverly P. Alfon
        One of the Attorneys for Plaintiffs

Beverly P. Alfon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6274459
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: balfon@baumsigman.com

I:\MIDJ\Columbus Industries\plaintiffs' joint status report.bpa.wpd

## CERTIFICATE OF SERVICE

  The undersigned, an attorney of record, hereby certifies that she served copies of the foregoing document (Plaintiffs' Initial Status Report) to the following non-CM/ECF system users on Friday, March 21, 2008, before 5:00 p.m.:

Mr. David Donaldson
Columbus Industries, Inc.
17383 E. Illinois Highway 116
Fairview, IL 61432
by facsimile at (309) 245-4210

Mr. Robert Riffle
Elias, Meginnes, Riffle & Seghetti, P.C.
4016 Main Street, Suite 1400
Peoria, IL 61602
by facsimile at (309) 637-8514

/s/   Beverly P. Alfon

Beverly P. Alfon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6274459
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: balfon@baumsigman.com

I:\MIDJ\Columbus Industries\plaintiffs' joint status report.bpa.wpd